GUOFENG LI, ESQ. (CA343936)
VIP LAW GROUP PC
Email: LAWYERLI.CHRIS@GMAIL.COM
855 CONKLIN STREET STE S
FARMINGDALE, NY 11735
Telephone No.: (516) 808-6266
Attorney for Petitioner NI HE

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

**NI HE,**

*Petitioner-Plaintiff,*

*v.*

**MARKWAYNE MULLIN** , Secretary of the U.S. Department of Homeland Security, in their official capacity;

**TODD BLANCHE** , Attorney General of the United States, in their official capacity;

**DAVID VENTURELLA** , Acting Director of U.S. Immigration and Customs Enforcement, in their official capacity;

**THOMAS GILES** , Los Angeles ICE Field Office Director, in their official capacity;

**FERETI SEMAIA** , Warden of Adelanto ICE Processing Center, in their official capacity.

*Respondents-Defendants.*

Case No. ______________________

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; 8 U.S.C. §§ 1225, 1226; APA 5 U.S.C. § 706; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Petitioner NI HE is a 38-year-old citizen of China who was inspected and **lawfully admitted** to the United States on a B-2 visitor visa at Los Angeles International Airport on September 22, 2022. Within four months of her admission, and while still in lawful status, she applied for asylum with U.S. Citizenship and Immigration Services ("USCIS") based on her Christian faith and the arrest, beating, and detention she suffered at the hands of Chinese police for attending an unregistered house church. That application has been pending for more than three and a half years; USCIS never scheduled an interview. USCIS has issued her an Employment Authorization Document valid through September 2030. She is the wife of Zhendong Wang and the mother of a five-year-old daughter, W.W., both of whom live in Los Angeles County and are derivative beneficiaries of her asylum application. Her parents and all three of her siblings, including a United States citizen sister, live in the Los Angeles area. She has no criminal history of any kind, anywhere in the world.

2. In August 2026, Petitioner appeared, as USCIS had instructed her to, for a biometrics appointment at the USCIS Application Support Center in the City of Industry, California. Officers of U.S. Immigration and Customs Enforcement ("ICE") arrested her there. She has been held at the Adelanto ICE Processing Center ever since.

3. Because Petitioner was admitted, her detention is governed by 8 U.S.C. § 1226(a), the discretionary detention statute under which a noncitizen *may* be detained or *may* be released on bond or conditional parole, and under which she is entitled to a custody redetermination before an Immigration Judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d). She is not an "applicant for admission" under 8 U.S.C. § 1225(a)(1), is not subject to any mandatory detention provision, and is not described in § 1226(c). Even the decisions most favorable to the Executive Branch concede that § 1226(a) governs "admitted aliens who overstay their visas." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

4. Petitioner requested a custody redetermination. On September 8, 2026, an Immigration Judge denied it on a pre-printed form order by checking a box and writing two words: "flight risk."

Exhibit F. At that hearing, consistent with the Board of Immigration Appeals' precedent, the burden was placed on Petitioner to prove that she was *not* a flight risk; the government was required to prove nothing. No bond amount was set, no alternative condition of release was considered, and no finding was made about why a woman who was arrested while voluntarily attending a government appointment, who has appeared for every immigration obligation in nearly four years, and whose husband, child, parents, and siblings all live in Los Angeles County would fail to appear for a hearing on the asylum claim she has been pursuing since 2023.

5. That detention is not reasonably related to any legitimate governmental purpose, and the procedure that produced it did not satisfy the Due Process Clause of the Fifth Amendment. Petitioner asks this Court to issue the writ and order her release under reasonable conditions or, in the alternative, to order Respondents to provide, within seven days, a constitutionally adequate custody hearing at which the government bears the burden of justifying her continued detention by clear and convincing evidence and at which alternatives to detention are actually considered.

## JURISDICTION

6. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the federal habeas statute, 28 U.S.C. § 2241. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and Article I, § 9, cl. 2 of the Constitution (Suspension Clause). The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202.

7. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) because she is physically detained by Respondents at the Adelanto ICE Processing Center. Federal district courts retain jurisdiction over habeas petitions challenging the statutory and constitutional basis for immigration detention. *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Petitioner does not

challenge any removal order (none exists), nor the commencement or adjudication of her removal proceedings. See 8 U.S.C. § 1252(b)(9), (g); *Jennings*, 583 U.S. at 294–95.

8. Section 1226(e) of Title 8 does not bar this action. It precludes review only of the Attorney General's "discretionary judgment" regarding the application of § 1226; it does not bar challenges to "the extent of the Government's detention authority under the 'statutory framework' as a whole," nor constitutional challenges to the procedures by which detention is imposed. *Jennings*, 583 U.S. at 295–96; *Demore*, 538 U.S. at 516–17; *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) (district court has habeas jurisdiction over claims that a bond hearing was conducted without constitutionally required procedures). Petitioner does not ask this Court to re-weigh the evidence before the Immigration Judge. She challenges the allocation of the burden of proof, the failure to consider alternatives to detention, the absence of any reasoned determination, and the resulting detention itself as unconstitutional and contrary to law.

## VENUE

9. Venue is proper in the Central District of California because Petitioner is confined at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, within San Bernardino County, and her immediate custodian is located in this District. *Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). Venue is also proper under 28 U.S.C. § 1391(e)(1) because Respondents are officers of the United States sued in their official capacities and a substantial part of the events giving rise to this action, including Petitioner's arrest in the City of Industry, Los Angeles County, and her continued detention in Adelanto, occurred in this District. Assignment to the Eastern Division is appropriate under General Order 24-09 because Petitioner is detained in San Bernardino County.

## PARTIES

10. Petitioner NI HE is a native and citizen of the People's Republic of China (A-Number 246-457-544). She is detained at the Adelanto ICE Processing Center under the authority of Respondents.

11. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in his official capacity. He is charged with administration and enforcement of the immigration laws, 8 U.S.C. § 1103(a), oversees ICE, and is a legal custodian of Petitioner. His address is U.S. Department of Homeland Security, Washington, D.C. 20528.

12. Respondent TODD BLANCHE is the Attorney General of the United States and is sued in his official capacity. He oversees the Executive Office for Immigration Review ("EOIR"), which conducts removal and custody-redetermination proceedings, 8 U.S.C. § 1103(g), and is a legal custodian of Petitioner. His address is U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

13. Respondent DAVID VENTURELLA is the Acting Director of ICE and is sued in his official capacity. He is responsible for the detention and custody of noncitizens in removal proceedings and is a legal custodian of Petitioner. His address is 500 12th Street, S.W., Washington, D.C. 20536.

14. Respondent THOMAS GILES is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office, which has jurisdiction over the Adelanto ICE Processing Center, and is sued in his official capacity. He has direct authority over Petitioner's detention and release and is a legal custodian of Petitioner. His address is 300 North Los Angeles Street, Room 7631, Los Angeles, California 90012.

15. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center, the facility in which Petitioner is physically confined, and is sued in his official capacity. He is Petitioner's immediate custodian. His address is 10400 Rancho Road, Adelanto, California 92301.

16. Each Respondent is sued in an official capacity only. Pursuant to Fed. R. Civ. P. 25(d), any successor to a named Respondent is automatically substituted as a party.

## STATEMENT OF FACTS

### A. Petitioner's Lawful Admission, Asylum Application, and Life in California

17. Petitioner was inspected and admitted to the United States at Los Angeles International Airport on September 22, 2022, as a B-2 nonimmigrant visitor, and was issued Form I-94 No. 055960466A3 with an admit-until date of March 21, 2023. Exhibit A (Form I-589, Part A.I, Item 19). She had twice before been admitted to the United States as a B-2 visitor, in September 2018 and July 2019, and each time she departed within weeks, well before her authorized stay expired. Exhibit A (Part A.I, Item 19; Addendum to Part A.III, Item 2).

18. Petitioner's husband, Zhendong Wang, and their daughter, W.W., were admitted with her on the same day as B-2 visitors. Exhibit A (Part A.II).

19. In January 2023, within her authorized period of admission and less than four months after her arrival, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with USCIS, based on her Christian faith. Her husband and daughter are derivative applicants. USCIS assigned receipt numbers ZLA2356479450, ZLA2356479460, and ZLA2356479470, issued biometrics appointment notices dated January 14, 2023, and Petitioner, her husband, and her daughter each appeared at the USCIS Pomona Application Support Center on January 30, 2023, as scheduled, where their biometrics were captured. Exhibit B. The application was filed within one year of Petitioner's arrival. Exhibit A (Part C, Item 5). It remains pending; USCIS never scheduled an asylum interview.

20. Petitioner's asylum claim rests on religious persecution. She began attending a Christian house church in Langfang, Hebei Province, in November 2021 and was baptized on April 17, 2022. On August 28, 2022, police raided a gathering of the church, took Petitioner to a police station, interrogated her, slapped her face and head, beat her with a baton, and detained her for two days. She was released only after signing a "guarantee letter" renouncing further religious gatherings and submitting to police supervision, and after her family paid 20,000 yuan. Police continued to summon her and, after she left China, went to her family's home demanding her

return. Exhibit A (Part B; Asylum Statement and certified translation). Since December 2022 she has attended church regularly in the United States and currently attends the Christian Zion Church. Exhibit A (Part B, Item 3.B).

21. On September 5, 2025, USCIS approved Petitioner's Form I-765 and issued her an Employment Authorization Document (category C08, asylum applicant), valid from September 4, 2025, through September 3, 2030. Exhibit C. From October 2025 through June 2026 she worked as a live-stream assistant for SoleStage Inc. in the City of Industry, California. Exhibit A (Part A.III, Item 4).

22. Petitioner and Zhendong Wang have been married since May 20, 2015. Their daughter, W.W., was born in March 2021 and is five years old. The family has lived continuously in the eastern Los Angeles County and San Bernardino County suburbs since their arrival in September 2022, and since August 2025 has resided at 15974 Alwood Street, La Puente, California 91744. Petitioner reported each of her addresses to USCIS. Exhibit A (Part A.II; Part A.III, Item 2); Exhibits B, C.

23. Petitioner's entire immediate family lives in the Los Angeles area. Her mother, CHEN Jing, her father, HE Renrong, and her siblings HE Xia, HE Qi, and HE Zihao all reside in Los Angeles County. Exhibit A (Part A.III, Item 5). Her sister Xia He is a United States citizen and has offered to serve as Petitioner's sponsor. Her mother and her sister HE Qi have their own asylum applications pending before USCIS. Exhibit A (Part C, Item 1).

24. Petitioner has never been arrested, charged with, or convicted of any offense in the United States or anywhere else in the world, apart from the two-day detention by Chinese police for practicing her religion that forms the basis of her asylum claim. Exhibit A (Part B, Item 2; Part C, Item 6). She has never been ordered removed, has never missed an immigration appointment or hearing, and had never before been in immigration custody.

**B. Petitioner's Arrest and Detention**

25. In or about August 2026, USCIS directed Petitioner to appear at the USCIS Application Support Center in the City of Industry, California, to provide updated biometrics in connection with her pending asylum application and employment authorization. On or about August 13, 2026], Petitioner appeared at the Application Support Center as directed. ICE officers arrested her there.

26. Petitioner was not arrested at or near a border or port of entry in connection with an attempt to enter the United States. She was arrested in the interior of the United States, nearly four years after her lawful admission, while voluntarily complying with an instruction from the very agency adjudicating her asylum application.

27. ICE transferred Petitioner to the Adelanto ICE Processing Center, where she has remained continuously detained. Exhibit D. DHS filed a Notice to Appear with the Adelanto Immigration Court, which docketed the case on August 13, 2026, charging her, on information and belief, with removability under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained longer than permitted. Exhibit E. Petitioner's Form I-589, with a supplemental declaration, has been submitted to the Immigration Court. Exhibit A. A master calendar hearing is scheduled for September 29, 2026, before Immigration Judge Jonathan Masaji Brent. Exhibit E.

28. Through prior counsel, Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236.1(d). Her United States citizen sister, Xia He, was presented as her sponsor. On September 8, 2026, Immigration Judge Brent denied the request on a pre-printed form order, checking the box "Denied, because" and writing "flight risk." Exhibit F. The order sets no bond amount, identifies no alternative condition of release that was considered and rejected, and contains no findings beyond those two words. The order was served on September 9, 2026. Petitioner reserved appeal; an appeal to the Board of Immigration Appeals would be due October 8, 2026. Exhibit F.

29. On information and belief, at the custody hearing the burden of proof was placed on Petitioner to demonstrate that she was not a flight risk, consistent with *Matter of Guerra*, 24 I&N

Dec. 37, 40 (BIA 2006), and *Matter of Adeniji*, 22 I&N Dec. 1102, 1112–13 (BIA 1999); DHS was not required to establish anything by any standard of proof. Neither DHS nor the Immigration Judge identified any reason why a bond in some amount, GPS or telephonic monitoring, reporting to ICE under the Intensive Supervision Appearance Program, or supervision by Petitioner's citizen sister would fail to assure her appearance, and the Immigration Judge did not address whether any such condition would suffice.

30. At no time since her arrest has any adjudicator determined, under a constitutionally adequate procedure, that Petitioner's continued confinement serves any legitimate governmental purpose that could not be served by less restrictive means.

31. Petitioner's detention has caused serious harm to her and her family. Her five-year-old daughter had never been separated from her mother before Petitioner's arrest and now suffers acute separation anxiety, asking daily when her mother will come home. Her husband must work and care for their daughter alone. Petitioner herself has experienced the anxiety and physical hardship of confinement in a facility far from her family.

32. If released, Petitioner will live with her husband and daughter at the family home in La Puente. Her husband will transport her to every hearing, USCIS appointment, and ICE check-in. Her sister, a United States citizen, will serve as sponsor and ensure her compliance with every condition of release that this Court or ICE imposes, including electronic monitoring.

## LEGAL FRAMEWORK

### A. An Admitted Noncitizen Is Detained, If at All, Under § 1226(a)

33. The INA establishes two distinct regimes for detention before entry of a removal order. Section 1225(b) governs "applicants for admission," 8 U.S.C. § 1225(a)(1). Section 1226 governs noncitizens who are already in the United States and are charged as removable. Under § 1226(a), the Secretary "may" arrest and detain such a noncitizen "pending a decision on whether the alien is to be removed," and "may release the alien on" bond of at least $1,500 or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2); *Jennings*, 583 U.S. at 288–90, 303.

34. “Admission” means “the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.” 8 U.S.C. § 1101(a)(13)(A). A noncitizen who was admitted and later overstays is charged as deportable under § 1227(a)(1)(B). She is not an “applicant for admission,” is not “seeking admission,” and is not an “arriving alien.” Her detention is governed by § 1226(a). Respondents have not contended otherwise: the Immigration Judge entertained Petitioner’s custody-redetermination request on the merits, which he could do only under § 1226(a). See 8 C.F.R. § 1003.19(h)(2)(i).

35. A noncitizen detained under § 1226(a) may seek a custody redetermination from an Immigration Judge. 8 C.F.R. §§ 236.1(d)(1), 1003.19(a), 1236.1(d)(1). At such a hearing the Immigration Judge considers whether the noncitizen is a danger to persons or property or a flight risk, weighing factors such as a fixed address, length of residence, family ties, employment history, record of appearance in court, criminal record, history of immigration violations, and manner of entry. *Matter of Guerra*, 24 I&N Dec. at 40. Under agency precedent, the noncitizen bears the burden of demonstrating that she merits release. *Id.*; *Matter of Adeniji*, 22 I&N Dec. at 1112–13. Whatever deference the Board’s allocation of that burden might once have commanded, none is due now. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024).

### B. The Due Process Clause Requires a Meaningful Custody Determination

36. “Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.” *Zadvydas*, 533 U.S. at 690. The Clause applies to “all ’persons’ within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.” *Id.* at 693. Its protections are at their strongest for a noncitizen who, like Petitioner, was lawfully admitted and has developed substantial ties to this country. *Landon v. Plasencia*, 459 U.S. 21, 32–34 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77–80 (1976).

37. Civil detention is constitutionally permissible only when it bears a “reasonable relation” to a legitimate, non-punitive governmental purpose—in the immigration context, preventing flight

and protecting the community—and only when accompanied by "adequate procedural protections." *Zadvydas*, 533 U.S. at 690–91; *Foucha v. Louisiana*, 504 U.S. 71, 80–81 (1992); *Demore*, 538 U.S. at 527–28. The minimum requirement is an individualized determination, by a neutral decisionmaker, of whether those purposes are actually served by detaining the particular person. *Foucha*, 504 U.S. at 81–83; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

38. A hearing exists, but a hearing in name only does not satisfy the Clause. Because the individual interest at stake is "the most elemental of liberty interests," and because a civil detainee "should not be asked to share equally with society the risk of error," due process requires that the government bear the burden of justifying civil confinement, and that it do so by clear and convincing evidence. *Addington v. Texas*, 441 U.S. 418, 425–27 (1979); *Foucha*, 504 U.S. at 81–83; *Singh*, 638 F.3d at 1203–05. Due process further requires that the adjudicator consider whether alternatives to detention, including release on conditions or on a bond the detainee can afford, would adequately serve the government's interests, and that the adjudicator produce a record sufficient to permit meaningful review. *Hernandez v. Sessions*, 872 F.3d 976, 990–94 (9th Cir. 2017); *Singh*, 638 F.3d at 1208–09.

39. Petitioner acknowledges that *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), held that due process did not require a clear-and-convincing burden at a second bond hearing for a petitioner with a criminal history who had already received one hearing at which he bore the burden. *Rodriguez Diaz* expressly preserved as-applied challenges and directed an individualized *Mathews* inquiry. *Id.* at 1207–08. As applied to a lawfully admitted asylum applicant with no criminal history, a valid work permit, a spouse, a young child, a citizen sponsor, and a perfect record of compliance—whose custody hearing produced a two-word denial with no bond amount and no consideration of alternatives—the *Mathews* factors require that the government bear the burden and that the adjudicator explain why no condition of release would suffice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. Section 2241 contains no statutory exhaustion requirement; exhaustion in immigration habeas cases is prudential and is excused where pursuit of administrative remedies would be futile, where the administrative body lacks authority to grant the relief sought, or where irreparable injury would result from delay. *Hernandez*, 872 F.3d at 988; *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004).

41. Each ground applies. Petitioner has requested and received the only custody hearing the regulations provide. An appeal to the Board of Immigration Appeals would be futile with respect to her central claims: the Board is bound by its own precedent placing the burden of proof on the noncitizen, *Matter of Guerra*, 24 I&N Dec. at 40; *Matter of Adeniji*, 22 I&N Dec. at 1112–13, and neither the Immigration Court nor the Board may adjudicate her constitutional claims, declare the agency's procedures unconstitutional, or order her release on constitutional grounds. Board appeals of custody decisions routinely take many months to resolve, during which Petitioner would remain confined. Every additional day of administrative process is a day of unlawful confinement separated from a five-year-old child. Exhaustion should be excused.

## CLAIMS FOR RELIEF

## COUNT ONE

### Procedural Due Process — Constitutionally Inadequate Custody Hearing

### (Fifth Amendment; 28 U.S.C. § 2241)

42. Petitioner realleges and incorporates the preceding paragraphs.

43. Petitioner has a fundamental liberty interest in freedom from physical confinement. The government's interest in detaining a lawfully admitted asylum applicant with no criminal history, valid employment authorization, a spouse and young child, a citizen sponsor, a fixed residence known to the government for nearly four years, and a perfect record of appearance—arrested while voluntarily attending a government appointment—is minimal. The risk of erroneous

deprivation under a procedure that places the burden on the detainee, sets no bond, considers no alternatives, and states no reasons is severe.

44. Under *Mathews v. Eldridge*, 424 U.S. at 335, due process required, at a minimum, that at Petitioner's custody hearing (a) the government bear the burden of proving by clear and convincing evidence that she presents a flight risk or danger that no condition of release can reasonably mitigate; (b) the Immigration Judge consider alternatives to detention, including release on conditions, supervision, electronic monitoring, and a bond set in an amount Petitioner can afford; and (c) the Immigration Judge render an individualized, reasoned decision sufficient to permit meaningful review. *Addington*, 441 U.S. at 425–27; *Singh*, 638 F.3d at 1203–05, 1208–09; *Hernandez*, 872 F.3d at 990–94.

45. The September 8, 2026 hearing satisfied none of these requirements. Petitioner's continued detention pursuant to that hearing violates the Due Process Clause of the Fifth Amendment.

**COUNT TWO**

**Substantive Due Process — Detention Not Reasonably Related to Any Legitimate Purpose**

**(Fifth Amendment; 28 U.S.C. § 2241)**

46. Petitioner realleges and incorporates the preceding paragraphs.

47. Civil immigration detention is permissible only insofar as it serves the government's legitimate interests in securing the noncitizen's appearance and protecting the public. *Zadvydas*, 533 U.S. at 690–91; *Demore*, 538 U.S. at 527–28. Detention that is not reasonably related to those purposes, or that is excessive in relation to them, is punitive and violates substantive due process. *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979); *Jones v. Blanas*, 393 F.3d 918, 932–34 (9th Cir. 2004).

48. Petitioner presents no danger to anyone. She presents no meaningful risk of flight: she has pursued her asylum application for three and a half years and has every incentive to appear and win it; she appeared at every biometrics appointment USCIS scheduled, including the one at

which she was arrested; she twice before came to the United States as a visitor and twice departed on time; she has a husband, a five-year-old daughter, parents, and three siblings in Los Angeles County, a home, a church, valid work authorization, and a United States citizen sister who has sworn to ensure her appearance. Any residual risk can be fully addressed by conditions of release. Her continued detention bears no reasonable relation to any legitimate governmental purpose and is therefore unlawful.

**COUNT THREE**

**Detention in Violation of the Immigration and Nationality Act and Its Implementing Regulations**

**(8 U.S.C. § 1226(a); 8 C.F.R. §§ 1003.19, 1236.1; 28 U.S.C. § 2241)**

49. Petitioner realleges and incorporates the preceding paragraphs.

50. Section 1226(a)(2) expressly authorizes release on bond or on conditional parole, and the regulations require an Immigration Judge conducting a custody redetermination to consider whether a noncitizen's release on conditions "would not pose a danger to property or persons" and whether she "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). The statutory question is not whether some risk of flight exists in the abstract, but whether release on available conditions will reasonably assure appearance.

51. A custody determination that does not address the statutory alternatives to detention, does not apply the factors the agency itself has prescribed, and rests on a two-word conclusion is not an exercise of the "discretionary judgment" insulated from review by § 1226(e); it is a failure to apply the governing legal standard at all. *Jennings*, 583 U.S. at 295–96; *Singh*, 638 F.3d at 1202. Petitioner's detention pursuant to that determination is "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Pursuant to 28 U.S.C. § 2243, issue an Order to Show Cause directing Respondents to file a return within three days of service, and set this matter for hearing at the earliest practicable date;

c. Declare that Petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b) or any other provision;

d. Declare that the custody hearing of September 8, 2026, and Petitioner's continued detention pursuant to it, violate the Immigration and Nationality Act and the Fifth Amendment;

e. Issue a writ of habeas corpus ordering Respondents to release Petitioner forthwith under reasonable conditions of supervision;

f. In the alternative, order Respondents to provide Petitioner, within seven (7) days, a new individualized custody hearing before an Immigration Judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that no condition of release can mitigate, at which the Immigration Judge considers alternatives to detention and Petitioner's ability to pay any bond, and at which the Immigration Judge issues a reasoned written decision; and order that if no such hearing is provided within seven days, Petitioner be released;

g. Enjoin Respondents from transferring Petitioner outside the Central District of California during the pendency of this action;

h. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

i. Grant such further relief as the Court deems just and proper.

Dated: September 11, 2026

Respectfully submitted,

/s/ Guofeng Li
GUOFENG LI, ESQ. (CA SBN 343936)
VIP LAW GROUP PC
Attorney for Petitioner NI HE

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am the attorney for Petitioner NI HE and submit this verification on her behalf pursuant to 28 U.S.C. § 2242 because she is detained at the Adelanto ICE Processing Center and cannot readily sign this petition. I have discussed the facts stated in this Petition with Petitioner, with her husband, Zhendong Wang, and with her sister, Xia He, and have reviewed the documents attached as exhibits. I verify under penalty of perjury under the laws of the United States that the factual statements in this Petition are true and correct to the best of my knowledge, information, and belief.

Executed on September 11, 2026, at Farmingdale, New York.

/s/ Guofeng Li
GUOFENG LI, ESQ.

**CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 5.2**

Counsel certifies that this Petition and the accompanying exhibits have been redacted in accordance with Fed. R. Civ. P. 5.2(a) and Local Rule 5.2-1. The minor child is identified by initials only; dates of birth are identified by year only; and Social Security numbers, passport numbers, and financial account numbers have been redacted. Unredacted copies are maintained by counsel and will be lodged under seal upon request of the Court.

## INDEX OF EXHIBITS

Exhibit A Form I-589, Application for Asylum and for Withholding of Removal, with Supplement B, Asylum Statement (Chinese original and certified English translation), and passport biographic page

Exhibit B USCIS Form I-797C ASC Appointment Notices for Petitioner, spouse, and daughter (Jan. 14, 2023), bearing biometrics processing stamps (Jan. 30, 2023)

Exhibit C USCIS Form I-797 Approval Notice, Form I-765 Application for Employment Authorization (Sept. 5, 2025)

Exhibit D ICE Online Detainee Locator Record

Exhibit E EOIR Automated Case Information (Sept. 11, 2026)

Exhibit F Order of the Immigration Judge on Custody Redetermination (Sept. 8, 2026)