**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| NI HE,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-05265-DFM<br><br>ORDER DENYING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

On September 11, 2026, Petitioner Ni He, an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, three days after an Immigration Judge ("IJ") denied her release on bond as a "flight risk." See Dkt. 1 ("Petition"). She contends that the custody hearing violated due process because she bore the burden of proof and the IJ neither considered alternatives to detention nor explained the decision. See id. ¶¶ 4, 42-51. Respondents answer that Petitioner has no protected liberty interest and must first appeal to the Board of Immigration Appeals ("BIA"). See Dkt. 7 ("Answer") at 1-7. Petitioner did not file a reply.

For the reasons set forth below, the Petition is **DENIED** in part and **DISMISSED** in part without prejudice.

## II. BACKGROUND

Petitioner, a citizen of China, was admitted at Los Angeles International Airport on September 22, 2022, as a B-2 visitor authorized to remain until March 21, 2023. See Petition ¶¶ 10, 17; Petition, Ex. A ("Form I-589"). She alleges that in January 2023 she applied for asylum, based on her detention and beating by Chinese police for attending a house church, and that the application remains pending. See id. ¶¶ 19-20. She appeared at an appointment at a United States Citizenship and Immigration Services ("USCIS") office in February 2023 for collection of her biometrics. See id. ¶ 19, Ex. B. She obtained employment authorization from USCIS in September 2025; her authorization is valid through September 2030. See id. ¶ 20, Ex. C. She alleges that her husband, five-year-old daughter, parents, and siblings live nearby; that a citizen sister will sponsor her; and that she has no criminal history and has never missed an immigration appointment. See id. ¶¶ 22-24.

Petitioner alleges that on or about August 13, 2026, ICE officers arrested her at a USCIS office after she appeared to provide updated biometrics as directed. See id. ¶¶ 2, 25. She has been held at Adelanto since. See id. ¶ 27 & Ex. D. Her removal case, docketed August 13, 2026, remains pending. See id., Ex. E. The parties agree that her detention is governed by 8 U.S.C. § 1226(a). See id. ¶¶ 3, 34; Answer at 1.

Through prior counsel, Petitioner sought a custody redetermination and presented her sister as a sponsor. See Petition ¶ 28. On September 8, 2026, the IJ entered a form order stating that, "[a]fter full consideration of the evidence presented," the request was "[d]enied, because flight risk." See id., Ex. F ("Bond Order"). The Bond Order sets no bond, records that Petitioner reserved appeal, and lists an appeal deadline of October 8, 2026. See id. No recording, transcript, or hearing submission is in the record. Petitioner alleges that she

bore the burden of proof and that the IJ did not address alternatives to detention. See id. ¶ 29.

The Petition asserts that Petitioner's procedural due process rights were violated by a constitutionally inadequate bond hearing, because due process required a hearing at which: (1) the Government bore the burden of proving flight and/or danger by clear and convincing evidence, (2) the IJ considered alternatives to detention, and (3) the IJ rendered an individualized, reasoned decision that would permit meaningful review. See id. ¶¶ 42-45. The Petition also asserts that Petitioner's substantive due process rights are being violated because her detention is not reasonably related to any legitimate purpose, as she poses no danger and is not a meaningful risk of flight. See id. ¶¶ 46-48. Finally, the Petition contends that the IJ's failure to consider alternatives to detention such as release on conditions violated the Immigration and Nationality Act ("INA"). See id. ¶¶ 49-51. Petitioner seeks release or, alternatively, a new hearing within seven (7) days at which the Government bears the burden by clear and convincing evidence, as well as declaratory relief, a bar on transfer from this District, and fees and costs under the Equal Access to Justice Act ("EAJA"). See id. at 15.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001). Although 8 U.S.C. § 1226(e) restricts review of discretionary custody decisions, "it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011). The Court does not reweigh the evidence the IJ considered, and Petitioner does not ask it to. See Petition ¶ 8.

**A. Jurisdiction**

Respondents invoke 8 U.S.C. § 1252(a)(5) and (b)(9). See Answer at 3-4. Those provisions do not bar this detention challenge. Section 1252(a)(5) governs "judicial review of an order of removal," and no removal order exists. Section 1252(b)(9) does not reach a challenge that does not seek review of a removal order, the decision to detain in the first place, or the process for determining removability. See Jennings v. Rodriguez, 583 U.S. 281, 292-95 (2018) (plurality opinion). Whether Petitioner must first appeal to the BIA is a separate, prudential question. See Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011).

**B. Exhaustion**

A petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal." Leonardo, 646 F.3d at 1160 (quoting Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003)). Otherwise, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Id. Courts consider whether agency expertise is needed to develop a proper record, whether relaxing the requirement would encourage bypass of the administrative scheme, and whether administrative review may allow the agency to correct its own mistakes. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007)). Exhaustion may be waived where administrative remedies are inadequate or futile, irreparable injury will result, or the proceedings would be void. See id. (citing Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). The petitioner must demonstrate grounds for excusal, see Leonardo, 646 F.3d at 1161, and a constitutional label alone does not suffice. "The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the

administrative tribunal from those that lie outside the BIA's ken." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995).

Exhaustion is excused for Petitioner's contention that her circumstances, apart from any defect in how her hearing was conducted, required the Government to bear the burden of proof. Agency precedent places that burden on the detainee. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022). When "the agency's position on the question at issue appears already set," recourse to the agency "would be futile and is not required." Hernandez, 872 F.3d at 989 (citation omitted).

Petitioner's remaining claims—that the IJ failed to consider alternatives, give reasons, or apply governing standards, and that her detention therefore serves no legitimate purpose—depend on what the IJ considered and said. See Petition ¶¶ 43-51. The Petition does not allege punitive conditions or prolonged detention independent of the IJ's flight-risk determination. Nor does it allege that Petitioner was deprived of due process when she was detained.

Requiring Petitioner to exhaust her claims is warranted by the prudential considerations. First, the record of her bond hearing is not before this Court. The Bond Order recites "full consideration of the evidence presented," but no recording, transcript, or submission has been lodged, and an IJ may state reasons "orally or in writing." 8 C.F.R. § 1003.19(f). The form thus does not show that no reasons were given, and its boilerplate does not show that the reasons were adequate. The BIA reviews legal and discretionary determinations de novo and factual findings for clear error, and it may remand for further factfinding. See 8 C.F.R. § 1003.1(d)(3)(i)-(ii), (iv). Second, permitting Petitioner to move forward with her arguments about the bond hearing in this Court would encourage bypassing the administrative scheme. Finally, if the BIA finds the errors Petitioner alleges, it can correct them or remand, which is substantially the alternative relief she seeks here.

No exception applies. The burden rule does not prevent the BIA from considering whether the IJ weighed Petitioner's evidence, addressed release on bond or "conditional parole," 8 U.S.C. § 1226(a)(2), or explained the decision, and Petitioner identifies no rule or precedent that would. See Petition ¶ 41. A procedural error of constitutional dimension may still be correctable by the BIA. See Liu, 55 F.3d at 426.

The Court acknowledges Petitioner's assertions that BIA appeals take months and that her five-year-old daughter is suffering from their separation. See Petition ¶¶ 31, 41. But she offers no specific information about current processing times, and the hardship she describes, though genuine, accompanies nearly every adverse bond decision. If it sufficed, the rule that Leonardo applied to a detained petitioner would rarely apply.

The appeal remains available until October 8, 2026. See Bond Order. Petitioner has not requested a stay, and dismissal without prejudice preserves her ability to seek habeas relief after the BIA rules. See Leonardo, 646 F.3d at 1161. The Court therefore dismisses the remaining claims without prejudice, without deciding whether the hearing complied with due process or with § 1226(a) and its regulations.

### C. Burden of Proof

Respondents argue that Petitioner lacks a protected liberty interest because she was never released from ICE custody and re-detained. See Answer at 2-3. Their authorities concern conditional liberty created by a prior release; Petitioner challenges the procedures governing her present confinement. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects," and the Clause protects noncitizens "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 690, 693. The Ninth Circuit has evaluated § 1226(a) procedures under

Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz, 53 F.4th at 1206-07 (applying Mathews). The existence of a liberty interest, however, does not answer what process is due.

Mathews weighs (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards; and (3) the Government's interest, including the burdens of additional process. See 424 U.S. at 335. The test "can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F.4th at 1206. Applying it, Rodriguez Diaz rejected a § 1226(a) detainee's claim to a further hearing at which the Government bore a clear-and-convincing burden and held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to him. See id. at 1211-13. The court did "not foreclose all as-applied challenges to § 1226(a)'s procedures." Id. at 1213.

Petitioner distinguishes Rodriguez Diaz as involving a second hearing sought by a detainee with a criminal record. See Petition ¶ 39. The Court agrees that Rodriguez Diaz does not resolve every challenge to an initial hearing and that Petitioner's facts differ materially. The question decided here is narrower: whether those differences, apart from any defect in how her hearing was conducted, required the Government to bear the burden. They did not.

The private interest favors Petitioner. Assuming the facts she alleges, including her family ties, lack of criminal history, and arrest at a government appointment, her interest is substantial. But the Court must "also consider the process [s]he received" and "the further process that was available to [her]." Rodriguez Diaz, 53 F.4th at 1208. Petitioner received a custody redetermination hearing before an IJ less than a month after her alleged arrest, and a BIA appeal remains available. Whether that hearing provided the

individualized consideration that due process requires is a question the Court leaves to the BIA in the first instance.

The second factor raises questions about the quality of Petitioner's hearing, and the Court makes no finding about its adequacy. But the defects she identifies—failure to weigh her evidence, to consider conditions of release, and to explain the decision—are addressed directly by correct application of the existing standards and by review of errors in applying them. As the Ninth Circuit observed, "even when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof." Id. at 1213-14. Petitioner appeared through counsel, alleges that she presented a sponsor, and does not allege that she was unable to obtain or present evidence. See Petition ¶ 28.

The Government's interest in securing noncitizens' appearance for removal proceedings remains significant. See Rodriguez Diaz, 53 F.4th at 1208-09.

Petitioner's other authorities do not change the result. As the Ninth Circuit has noted, Singh's clear-and-convincing requirement "did not purport to establish a freestanding set of constitutionally mandated procedures that would apply to any detained alien." Rodriguez Diaz, 53 F.4th at 1196. The civil-commitment decisions she cites did not address immigration detention. See Petition ¶ 38. And Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412-13 (2024), concerns deference to agency statutory interpretations, see Petition ¶ 35, not the constitutional question Rodriguez Diaz decided.

Petitioner's procedural due process claim accordingly fails insofar as it rests on the burden allocation apart from any defect in how the hearing was conducted. The Court does not decide whether the hearing was adequate or whether defects, if established after exhaustion, would warrant different procedures, including a different burden.

### D. Remaining Requests for Relief

For these reasons, Petitioner's requests for release, a new hearing, and a declaration that her hearing and detention are unlawful are denied. The request to bar transfer during this action is moot upon judgment, and because the Court grants no relief, the EAJA request is denied. Finally, the Petition does not assert a claim that due process required notice and a hearing before her arrest, see Petition ¶¶ 42-51, and the Court expresses no view on such a claim.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **DENIED** in part and **DISMISSED** in part.

2. Count One is **DENIED** insofar as it asserts that placing the burden of proof on Petitioner at her September 8, 2026 custody redetermination hearing, apart from any defect in how that hearing was conducted, violated the Due Process Clause.

3. Petitioner's remaining claims, including the remainder of Count One, Count Two, and Count Three, are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

4. Petitioner's requests for release, for an order requiring a new custody hearing, for declaratory relief, and for attorney's fees and costs under EAJA are **DENIED**. Her request to bar her transfer outside this District during the pendency of this action is **DENIED** as moot.

Date: September 24, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge